LUTTIG, Circuit Judge,
concurring in the judgment:
Based upon the reasoning and conclusions set forth in my opinion respecting the denial of rehearing en banc in Sons of Confederate Veterans v. Commissioner of the Virginia Department of Motor Vehicles, 305 F.3d 241, 244 (4th Cir.2002), I concur in the judgment reached today. In Sons of Confederate Veterans, I outlined what I believed were the factual and doctrinal necessities for recognition that some speech acts constitute both private and government speech, notwithstanding that the Supreme Court of the United States had not at that time (and as yet has not) recognized that a single communicative event may be both private speech and government speech. See id. at 244-47. I concluded in that case that vanity license plates are quintessential examples of such hybrid speech. While recognizing that different circumstances may present themselves even in the single context of the vanity license plate, I explained my view that at least where the private speech component is substantial and the government speech component less than compelling, viewpoint discrimination by the state is prohibited.
I expressed the expectation in Sons of Confederate Veterans that, when the opportunity arose, this court would further refine its views on the important question of whether a single communicative event can be both private and government speech. Needless to say, I am pleased that the court adopts today the view that speech can indeed be hybrid in character. I believe that, with time, recognition of this external and legal fact will be a contribution to the law, even if different questions must now be resolved over the implications of such a holding.
I am pleased in particular that Judge Gregory, who also wrote in dissent from denial of rehearing en banc in Sons of Confederate Veterans, 305 F.3d at 252, concurs in the judgment reached today, for I understood him to take a different position in his opinion in that case than the one he takes today. In Sons of Confederate Veterans, in an analysis which, if applied here, would permit the State of South Carolina to exclude the pro-choice message, he reasoned that the First Amendment permitted the Commonwealth of Virginia to exclude the Confederate flag from the state’s license plates, because the Commonwealth of Virginia bore the “ultimate responsibility” for the speech at issue, id. at 251 n. 2; the Commonwealth had a substantial interest in not being compelled to speak by private citizens, id. at 252, being no differently postured in this regard than the “objecting drivers in Wooley v. Maynard," id. at n. 4 (citation omitted); the “predominate concern that motivated [the Commonwealth’s] enactment” of the statute excluding the Confederate flag was to avoid “speech by attribution,” id. (citation omitted), which he believed to be a “substantial government interest,” id. at 252; and there remained open “reasonable alternative avenues” for communication of the excluded message. Id. I had been concerned that Judge Gregory would have believed himself bound by his reasoning in Sons of Confederate Veterans to come to a different conclusion than does he and the court today, and to hold that the State of South Carolina may, permissibly under the First Amendment, exclude the pro-choice message from its license plates because of the state’s expressed interest in avoiding association with that message.
Judge Gregory found the panel’s opinion deficient in Sons of Confederate Veterans *801 in large part because of its “cursory” examination of the factors bearing on the question of whether speech is that of the government or that of private individuals. Id. at 251; see also id. (describing panel’s application of test as “incomplete at best”). In particular, he believed that “there [was] more to be said about the test, including how the factors relate to each other, and the relative weight to be given each factor.” Id. Judge Gregory does not identify the test that he would apply or explain the details as to how he believes that test would be applied in this case. I infer from his concurrence, however, that he no longer holds to the views expressed in his opinion in Sons of Confederate Veterans, and that he has continued to refine his thinking on the difficult issues presented in this case and in Sons of Confederate Veterans, as have I and the other members of the court.